J-S07011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :
            v.                            :
                                           :
                                           :
BRIAN MATTHEW CAMPBELL         :
                                           :
          Appellant            :   No. 1605 MDA 2018

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000068-2018

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:         **FILED: MARCH 25, 2019**

Appellant, Brian Matthew Campbell, appeals from the judgment of sentence entered on June 28, 2018, as made final by the denial of Appellant's post-sentence motion on July 11, 2018.  We affirm.

In February 2018, Appellant was arrested and charged with terroristic threats, aggravated cruelty to animals, and recklessly endangering another person.[1]  The affidavit of probable cause declares:

> On [February 7, 2018,] Mary Swan, Huntingdon County Area Agency on Aging, contacted [L.G.] after receiving a report from Help Mates concerning her welfare.  Swan talked to [L.G.] on the phone and was told that [Appellant] had threatened to burn her house down with her in it.  [L.G.] also told Swan that [Appellant] had killed one of her cats.  [Appellant] lives with [L.G.] and is her [relative].  [Appellant] is also employed by Help Mates and is assigned to care for

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 5534(a)(2), and 2705, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

[L.G. L.G.] is bed ridden after suffering a stroke. She cannot get out of bed and has a speech impediment, which makes it hard to understand her.

Mary Swan and Shauna Hess, also of Area Agency on Aging, went to [L.G.'s] home. They talked to [L.G.] and she told them that [Appellant] told her he was going to burn her house down with her in it. She also informed them he killed one of her cats by "slamming" it off the floor until it was dead. After killing the cat, he said, "see this, this is what is going to happen to you." [L.G.] also informed Swan that she was not given her medication this morning. Missing some of the medication can be very detrimental to [her] health. [L.G.] was also found to be in a "Depends" undergarment which was filled with feces. She explained to Swan, her undergarment had not been changed since the previous night.

The Area Agency on Aging contacted [Pennsylvania State Police] Huntingdon, and [the Pennsylvania State Police] responded to the scene. The cat [Appellant] killed was located in a trash can outside of the residence. While looking through [L.G.'s] medication it was found that she was not given her morning medication. [Appellant] was located at the residence and taken into custody.

. . .

On [February 7, 2018,] . . . [the police] interviewed [Appellant]. . . . [Pennsylvania State Police Trooper Joseph Miller] asked [Appellant] what happened today. He replied he[] "just lost it." [Appellant] explained that he has been having a streak of bad luck and today he just lost control. He advised [L.G.] did not do or say anything to him that caused him to lose his temper. [Trooper Miller] asked about the cat. He advised he did kill it by slamming it off of the floor in the hallway. [Trooper Miller] asked [Appellant] about threatening to kill [L.G.] by burning down the house. He explained that he did not say that. [Appellant] related he said, "I hope someday the house burns down with you in it." [Trooper Miller] asked why he didn't give [L.G.] her medication this morning. He related he quit Help Mates [that morning] so it wasn't his responsibility.

Affidavit of Probable Cause, 2/8/18, at 1-2 (paragraph numbering and some capitalization omitted).

On April 26, 2018, Appellant entered an open guilty plea to the above charges. The trial court accepted Appellant's plea and, on June 28, 2018, the trial court sentenced Appellant to serve a term of 12 to 36 months in prison for the terroristic threats conviction and to serve a consecutive term of nine to 18 months in prison for the aggravated cruelty to animals conviction, for an aggregate term of 21 to 54 months in prison.[2]  N.T. Sentencing, 6/28/18, at 8.

On Monday, July 9, 2018, Appellant filed a timely post-sentence motion. Within the motion, Appellant raised one claim: "[c]onsidering the seriousness of the offense, the conduct of [Appellant], [Appellant's] criminal history, and [Appellant's] rehabilitative needs, the sentence imposed is excessive." Appellant's Post-Sentence Motion, 7/9/18, at 1-2. The trial court denied Appellant's motion on July 11, 2018 and Appellant filed a timely notice of appeal. Appellant raises two claims to this Court:

> 1. Is the sentence imposed on [Appellant] manifestly excessive, given his stated remorse, his acceptance of responsibility for his actions, his lack of prior criminal record, and the circumstances of his crime?
>
> 2. Did the court below base its sentence on impermissible factors already accounted for by the Sentencing Guidelines, or the conduct of others?

---

[2] The trial court imposed a fine of $500.00 for Appellant's recklessly endangering another person conviction. N.T. Sentencing, 6/28/18, at 8.

Appellant's Brief at 4.

Appellant's claims attack the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the case at bar, Appellant filed a timely post-sentence motion and notice of appeal. Further, Appellant's post-sentence motion claimed that his sentence is manifestly excessive. Appellant's Post-Sentence Motion, 7/9/18, at 2. Thus, Appellant preserved the first claim he currently raises on appeal. We will now determine whether Appellant's claim presents a "substantial

question that the sentence appealed from is not appropriate under the Sentencing Code." ***Cook***, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McKiel***, 629 A.2d 1012, 1013 (Pa. Super. 1993); ***Commonwealth v. Goggins***, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. ***Goggins***, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** at 727 (internal emphasis omitted).

As to Appellant's first claim on appeal, Appellant's Rule 2119(f) statement contends that his sentence is manifestly excessive because he has no prior criminal record and the trial court either failed to consider or failed to adequately weigh the mitigating factors in his case, such as that Appellant: cooperated with the police; accepted responsibility for his actions; admitted what he did; suffers from mental illness; indicated that he would address his mental health issues; and, felt remorse for his actions. Appellant's Brief at 10.

This Court has "held that an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (internal quotations and citations omitted).[3] Therefore, we conclude that Appellant has presented a substantial claim allowing for our review.

Nevertheless, Appellant's claim that the trial court abused its discretion in failing to consider certain mitigating factors immediately fails because, during Appellant's sentencing hearing, the trial court expressly stated that it considered the pre-sentence investigation report. N.T. Sentencing, 6/28/18, at 6. Given this fact, we must "presume that the sentencing judge was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

We further note that the trial court also stated during the sentencing hearing that, in fashioning Appellant's sentence, it did consider the various mitigating evidence and Appellant's rehabilitative needs – but that it

---

[3] We note that we have also "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Eline*, 940 A.2d 421, 435 (Pa. Super. 2007) (internal quotations, citations, and corrections omitted); *see also Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa. Super. 2018) (collecting cases). Nevertheless, in light of our conflicting precedent, we will review the merits of Appellant's discretionary aspects of sentencing claim.

concluded a term of 21 to 54 months in prison was warranted under the facts of the case. The trial court explained:

> [Appellant,] I have considered a lot of things. I have considered the pre-sentence investigation. I have considered the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and I have considered your rehabilitative needs. I have also considered the statutory sentencing guidelines.
>
> The thing that bothers me the most is your victim in this case was care dependent upon you. And most of the cases that happen this way we never know about because a lot of elderly people are dependent on their caregiver and they can't report these types of things or are afraid to report these types of things. And that's what makes this, in my opinion, so heinous.
>
> You were charged with taking care of a person who was elderly who couldn't take care of herself, and you did intimidate her, you threatened her, and put her in a horrible situation. And the crime to which you have pled guilty to, terroristic threats, has sentencing guidelines which, in my opinion, are not appropriate for your crime. Because of your role as a caregiver for her and someone who was getting paid to take care of her and someone who put someone in fear like you did, the sentencing guidelines are clearly inappropriate in this case. So I am going to sentence above the guidelines.
>
> Now, [your attorney] brought up a good point. You did, after the fact, take responsibility for what had happened by pleading guilty. And you have gotten credit in my mind for that. But on the crime of terroristic threats, the sentencing guidelines don't anticipate a defendant/victim relationship like we have here. So they are clearly inappropriate.

N.T. Sentencing, 6/28/18, at 7-8.

Thus, as is apparent from the record, the trial court considered and weighed the mitigating evidence in this case. Appellant's claim to the contrary is belied by the record and, thus, fails.

Appellant's second claim on appeal contends that the sentencing court abused its discretion by "bas[ing the] sentence on impermissible factors already accounted for by the Sentencing Guidelines, or the conduct of others." Appellant's Brief at 4 and 13-17. Appellant did not raise this claim at sentencing or in his post-sentence motion. Therefore, the claim is waived. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (holding: defendant's claim "that his sentence is excessive because the sentencing court relied on 'impermissible factors' . . . [is a] challeng[e to] the discretionary aspects of his sentence"); **see also** Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/25/2019